# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AHSHAH DIOR MARTIN,<br><br>*Defendant*. | Case No. 3:25-cr-102-RYC |

## THE GOVERNMENT'S POSITION ON SENTENCING

The United States respectfully requests the Court impose a sentence of 33 months' imprisonment for defendant Ahshah Dior Martin. Over several months, Martin abused her position within Truist Bank to steal financial information from customers and used that stolen information to make fraudulent transactions. Martin's fraud was calculated, deliberate, and repetitive. She stole money from over 70 Truist customers, including churches, a children's museum, and other nonprofit organizations. Even after pleading guilty to this crime, the defendant continued to engage in dangerous, criminal conduct by threatening physical harm to another person in a social media post. The defendant's commitment to acting without regard for consequences ended only when this Court revoked her bond. Given the seriousness of the offense, the need to promote respect for the law, and to afford adequate deterrence, a sentence at the top end of the Guidelines is appropriate.

**I.      The Advisory Guidelines Range**

The United States has no objection to the PSR, ECF No. 26, which calculates a Guidelines

1

range of 27 to 33 months. PSR ¶ 63.[1] The range is based off a Total Offense Level of 18, PSR ¶ 62, and a Criminal History Category I, PSR ¶ 63. The PSR properly applies several enhancements, including for 10 or more victims, under U.S.S.G. § 2B1.1(b)(2)(A)(i), unlawful use of means of identification to produce other means of identification, under U.S.S.G. § 2B1.1(b)(11)(C)(i), and abuse of a position of trust, under U.S.S.G. § 3B1.3.

## II. Section 3553(a) Factors

The factors under 18 U.S.C. § 3553(a) support a sentence of 33 months' imprisonment.

### A. Nature, Circumstances, and Seriousness of the Offense

Between July 2023 and April 2024, Martin engaged in a calculated and sustained scheme to defraud her employer and over 70 individual and organizational account holders. Martin gained the opportunity to conduct this fraud by obtaining employment at Truist Bank in a role that granted her access to customers' most sensitive personal and financial account information. The defendant abused that access and the trust Truist instilled in her to steal money and make lavish personal expenses. She spent the fraud proceeds on travel, dining, clothing, makeup, and trips to a hookah bar.

The defendant acted without regard for the nature or vulnerability of her victims, which included churches and a children's museum. Truist fortunately caught the fraudulent transactions and ultimately made the victims whole, but that positive ending (setting aside Truist's losses) was not part of Martin's plan. Martin took efforts to conceal her fraud, with the hope that her thefts never be discovered. She targeted victims' accounts with large numbers of transactions. She laundered stolen funds through third-party payment platforms such as MyChildSupport.com. She

---

[1] As of the time of this filing, the final PSR has not been made available. Citations herein reference the Disclosed PSR. ECF No. 26. Undersigned counsel does not anticipate changes in the final PSR that would affect these citations.

transferred victims' information to her personal email account, against Truist policy. And she went so far to fake her own death when Truist attempted to regain possession of corporate devices after terminating Martin's employment. Only when she got caught by federal law enforcement did Martin show contrition.

The nature and circumstances of the defendant's offense warrants a serious term of imprisonment. The prolonged and repetitive nature of Martin's fraud scheme shows that her conduct was deliberate, carefully considered, and keenly focused on furthering her fraud. A sentence of 33 months is appropriate to account for the seriousness of the offense.

### B.     History and Characteristics of the Defendant

The defendant's history and characteristics also support a sentence of 33 months. Martin is one semester away from obtaining a bachelors' degree. She graduated in the top 25% of her high school class. She reports that her needs were consistently met while she was growing up. And the defendant held stable jobs in customer service until her fraud scheme in this case was uncovered. Given her educational, employment, and family background, there is no mitigating reason for the defendant to have engaged in this fraud scheme.

Even after getting caught and pleading guilty, the defendant continued to act outside the bounds of the law. While on bond in this case, the defendant posted to Facebook, "i'll pay $1000 to someone right now to whoop this h**!!!! CASH MONEY RIGHT TF NOW." ECF No. 24-1. For this, the defendant was charged with a misdemeanor harassment offense and a felony threats offense in Petersburg, Virginia. The victim of the threat later withdrew her desire to move forward with the charges, and Petersburg dismissed the case. The resolution of those charges does not change what happened: while out on bond awaiting sentencing for a federal felony offense, the defendant solicited her more than 7,000 Facebook followers to have a victim "whooped." In

exchange, the defendant would pay $1,000 "CASH MONEY RIGHT NOW." This conduct was not just a brazen violation of her terms of release, it was also a reflection of the defendant's unwillingness to abide by the law—even *after* she pled guilty to a federal felony offense and knew she was facing a substantial jail sentence.

The defendant's history and characteristics therefore weigh in favor of a sentence at the high end of the Guidelines.

C.     **Adequate Deterrence to Criminal Conduct**

The Court must also weigh the need for the sentence imposed to afford adequate specific and general deterrence. 18 U.S.C. § 3553(a)(2). In this respect, the government submits that a sentence of 33 months is also justified.

A sentence within the advisory Guidelines range is appropriate to establish the goal of general deterrence. General deterrence is perhaps even more important in financial fraud cases such as this one, which are often difficult to detect, investigate, and prosecute. *See e.g.*, *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) ("Because economic and fraud-based crime are 'more rational, cool, and calculated than sudden crimes of passion or opportunity' these crimes are 'prime candidates for general deterrence.'"). Indeed, the defendant's criminal conduct in this case spanned at nearly three years and involved detailed planning and preparation. The defendant undoubtedly considered the potential consequences of her deliberate and lengthy scheme, but continued nonetheless. A substantial penalty in this case will provide the appropriate disincentives to those contemplating similar criminal conduct when they inevitably stop to consider the potential punishments. *See e.g.*, *United States v. Morgan*, 635 F. App'x 423, 450 (10th Cir. 2015) ("General deterrence comes from a probability of conviction and significant consequences. If either is eliminated or minimized, the deterrent effect is proportionately minimized."); *United States v.*

4

*Bergman*, 416 F. Supp. 496, 499 (S.D.N.Y. 1976) (stating that absent a meaningful term of imprisonment, general deterrence—"the effort to discourage similar wrongdoing by others through a reminder that the law's warnings are real and that the grim consequence of imprisonment is likely to follow"—will not be achieved.).

Likewise, a substantial penalty is necessary to deter individuals, like the defendant, who would seek to abuse their position of trust to steal identities and funds from bank customers. Breaches of trust of this nature are highly troubling and should carry a serious punishment. The scope and extent of the defendant's fraud scheme were due in large part to her position within Truist, which afforded the defendant the discretion and control needed to steal customer identities and account information and to use that stolen information to steal funds. The Court should send a strong message to those who would engage in similar conduct that they will be caught and punished proportionally to the severity of their crimes.

## **CONCLUSION**

For the reasons discussed above, the United States respectfully requests that the Court sentence the defendant to a term of imprisonment of 33 months.

Respectfully submitted,

Lindsey Halligan
United States Attorney

By:     /s/
Robert S. Day
Virginia Bar No. 90663
Avi Panth
Virginia Bar No. 92450
Assistant United States Attorneys
United States Attorney's Office
919 E. Main Street, Suite 1900
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 819-7417
Robert.Day@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2025, I electronically filed the foregoing position with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

I also hereby certify that on November 6, 2025, I emailed a true and accurate copy of this Position on Sentencing to the following:

Diane DeLuca
United States Probation Officer
Suite 1150
701 East Broad Street
Richmond, Virginia 23219

/s/
Robert S. Day
Assistant United States Attorney
United States Attorney's Office
919 E. Main Street, Suite 1900
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 819-7417